IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| SME STEEL CONTRACTORS, INC., a Utah corporation,<br><br>        Plaintiff,<br>v.<br><br>DOWCO CONSULTANTS, LTD., a Canadian company,<br><br>        Defendant. | ORDER AND MEMORANDUM DECISION DENYING MOTION TO TRANSFER VENUE<br><br>Case No. 2:22-cv-00802-TC<br><br>Judge Tena Campbell |

Defendant Dowco Consultants, Ltd. (Dowco) has moved to transfer venue to the United States District Court for the Southern District of California. Mot. Transfer, ECF No. 6. The motion is fully briefed. See Opp. Mot. Transfer, ECF No. 7; Reply Supp. Mot. Transfer, ECF No. 8. Neither party has requested a hearing on this motion, see Request to Submit to Decision, ECF No. 9, and the court agrees a hearing is not necessary for it to decide the question of transfer, so the court decides the issue on the briefs. Having fully considered the arguments in the parties' briefs, and for the reasons discussed below, the court denies Dowco's motion.

ANALYSIS

Dowco requests the court transfer venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a). But venue is not improper in Utah, and Dowco has not shown sufficient inconvenience to warrant transfer. The court will, as a result, not grant Dowco's requested change of venue.

I.    **Rule 12(b)(3) Motion to Dismiss**

    a.   Legal Standard for a Motion to Dismiss under Rule 12(b)(3).

Rule 12(b)(3) "allows for dismissal of a plaintiff's complaint 'only when venue is improper in the forum in which a case was brought.'" Dupray v. Oxford Ins. Co. TN LLC, No. 22-CV-00430, 2022 WL 17618459, at *3 (D. Colo. Dec. 13, 2022) (quoting Weathers v. Circle

1

K Stores, Inc., 434 F. Supp. 3d 1195, 1205 (D.N.M. 2020)) (cleaned up).  In deciding a Rule 12(b)(3) motion, courts "may examine facts outside of the complaint but must accept all well-pleaded allegations as true if uncontroverted by the defendant's evidence and must draw all reasonable inferences and resolve all factual ambiguities in the plaintiff's favor."  Id.  (quoting Hancock v. Am. Tel. & Tel. Co., 701 F.3d 1248, 1260 (10th Cir. 2012)).

      b.  <u>To the Extent it Seeks A Rule 12(b)(3) Dismissal, Dowco's Motion is Denied.</u>

Dowco cites Fed. R. Civ. P. 12(b)(3), and styles its motion as one requesting "transfer for improper venue."  Mot. Transfer, ECF No. 6.  But it does not explain why venue is improper in Utah, instead, it seemingly admits it is not improper.  Id. ("[28 U.S.C. § 1391] provides that this Honorable Court can exercise jurisdiction over this matter . . . this action could have been brought in any of the United States District Courts.").  The court agrees, venue is proper in Utah.  So, to the extent Dowco's motion is a Rule 12(b)(3) motion to dismiss, it is denied.

**II.**    **28 U.S.C. § 1404(a) Motion to Transfer**

      a.  <u>Legal Standard for a Motion to Transfer Under 28 U.S.C. § 1404(a).</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Chrysler Credit Corp. v. Cty. Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991) (quoting 28 U.S.C. § 1404(a)).[1]  Section 1404(a) places "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Id. at 1516 (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of

---

[1] Dowco is a Canadian company, so the case could have been brought in the Southern District of California.  See 28 U.S.C. § 1391(b)(1), (c)(3).

>making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Id. (quoting Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)).

The party moving to transfer a case under "§ 1404(a) bears the burden of establishing that the existing forum is inconvenient." Emps. Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992)). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." Id. (quoting Scheidt, 956 F.2d at 966). The moving party must also "provide evidence showing the inconvenience; mere allegations are not sufficient to meet the moving party's burden of proof." Michael M. v. Nexsen Pruet Grp. Med. & Dental Plan, No. 2:17-CV-1236, 2018 WL 1406600, at *5 (D. Utah Mar. 19, 2018) (quoting Briesch v. Auto. Club of S. Cal., 40 F. Supp. 2d 1318, 1322 (D. Utah 1999)).

### b. The Balance of the Chrysler Factors Does Not Lean Towards Transfer.

The court has examined the evidence provided by Dowco in the context of the Chrysler factors. See IHC Health Servs., Inc. v. Cadence Aerospace, LLC, No. 2:18-CV-12, 2018 WL 2138656, at *2 (D. Utah May 9, 2018). It finds that Dowco has provided insufficient evidence to establish inconvenience. Consequently, the court declines to disturb Plaintiff SME Steel Contractors, Inc.'s (SME Steel) chosen forum.

#### i. SME Steel's Choice of Forum is Utah.

"[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." Emps. Mut. Cas. Co., 618 F.3d at 1167 (quoting Scheidt, 956 F.2d at 965). SME Steel chose the District of Utah. Compl., ECF No. 2. In making this choice, SME

Steel did not choose a forum with no material relation to the facts giving rise to the lawsuit or where the facts have no significant connection to the forum. See id. at 1168 (Cook v. Atchison, Topeka & Santa Fe Ry. Co., 816 F. Supp. 667, 669 (D. Kan. 1993)) (observing courts give little weight to plaintiff's choice when facts giving rise to suit lack this connection or when plaintiff does not reside in the district). SME Steel is a Utah corporation, with its principal place of business in Utah. Compl. ¶ 1. While the contracts at issue in this case were for projects located in California, see id. ¶¶ 8–10, SME Steel retained Dowco primarily so Dowco would prepare detailed fabrication and erection drawings that were used by SME Steel to manufacture steel components at its Utah fabrication shop, see Opp. Mot. Transfer 3, ECF No. 7. These drawings are at the heart of this suit; SME Steel alleges they had enough errors to render Dowco in breach of its contracts with SME Steel. Compl. ¶¶ 12, 16. Some of the drawings were used in California, but all of them were sent to SME Steel's Utah offices for fabrication in its Utah shop. Opp. Mot. Transfer 4.

      ii. Dowco Has Not Shown the Remaining Chrysler Factors Favor Transfer.

SME Steel's choice of forum materially relates to the facts giving rise to this suit. So, Dowco must show the balance of the Chrysler factors strongly favor transfer. It has not done so.

      a. Accessibility and Convenience of Witnesses.

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." Michael M., 2018 WL 1406600, at *6 (citing Emps. Mut. Cas. Co., 618 F.3d at 1169)). To show inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary. Id. (citing Emps. Mut. Cas. Co., 618 F.3d at 1169).

Dowco argues that broad categories of potential witnesses are located in California, that their testimony will be "crucial," that these witnesses "can speak to matters concerning the nature of the plans and how they applied in the field," and that because these witnesses are more than 100 miles from Salt Lake City, additional steps (beyond subpoenas) might be necessary to procure their testimony. Mot. Transfer 6, ECF No. 6 (citing Fed. R. Civ. P. 45(c)). But these references to groups of potential witnesses, and Dowco's vague description of the materiality of their testimony, is not evidence of inconvenience. It is allegation. Further, while Dowco points to California witnesses, SME Steel's potential witnesses are "[v]irtually without exception" in Utah. Opp. Mot. Transfer 11, ECF No. 7. Witnesses will either travel to Utah from California, or from California to Utah;[2] when it comes to witness inconvenience, a transfer would seem to "[m]erely shift[] the inconvenience from one side to the other, [which], obviously is not a permissible justification for a change of venue." Emps. Mut. Cas. Co., 618 F.3d at 1167. Ultimately, Dowco's arguments about witness accessibility do not establish that Utah is an inconvenient forum for witnesses in the case. At best, this factor is neutral as to transfer.

      b.  The Remaining Chrysler factors are Neutral on Transfer.

The balance of the other Chrysler factors do not favor transfer strongly enough for the court to disturb SME Steel's choice of venue. About the cost of making the necessary proof, SME Steel notes that its documents, files, and other relevant proof are at its Utah office, and that because Dowco is in Canada, Dowco employees and proof at Dowco's office will have to travel no matter what, either to California or to Utah. Opp. Mot. Transfer 13, ECF No. 7. This weighs against transfer. In rebuttal, Dowco points out that the subject buildings are in California, so a

---

[2] Dowco representatives will likely have to travel either way; Dowco is a British Columbia-based company, and all the work performed by Dowco on the subject contracts was conducted in Canada. See Mot. Transfer 2, ECF No. 6.

5

Utah jury could not view them.  Reply Supp. Mot. Transfer 4, ECF No. 8.  The claims in this case are for breach of contract and breach of the covenant of good faith and fair dealing.  See Compl. ¶¶ 14–22, ECF No. 2.  It is not clear why a jury might need to view the buildings to assess these claims, or if it did need to view them, why photographs or videos would be insufficient.  While some relevant proof may be in California, Dowco has not provided sufficient evidence to show the cost of making the necessary proof will be higher in Utah than California.

Similarly, the enforceability of any judgment appears the same whether the case is heard in California or Utah.  Either way SME Steel will have to domesticate a judgment to Canada and pursue collection there.  See Mot. Transfer 8, ECF No. 6.  As a result, this factor is neutral as to transfer.  Dowco's unsupported assertion that trial in Utah raises the likelihood of appeal, see id., does not change the court's analysis.  Likewise, apart from witness availability, discussed above, Dowco has presented the court with little evidence to show that keeping the case in Utah would preclude a fair trial.  See id.  This factor is neutral as to transfer.

In terms of docket congestion, there are fewer pending cases per judgeship in the Southern District of California than there are in the District of Utah, and civil cases tend to be resolved faster there than here, however, average weighted filings per judgeship are higher in the Southern District of California than in the District of Utah.  See U.S. COURTS, U.S. DIST. CTS. — NAT'L JUD. CASELOAD PROFILE 69, 85 (2021);[3] Michael M., 2018 WL 1406600, at *6 (quoting Emps. Mut. Cas. Co., 618 F.3d at 1169) (noting statistics relevant to analysis).  Because these statistics are split, this factor does not significantly weigh for or against transfer.  See Michael M., 2018 WL 1406600, at *6.

---

[3] These statistics are publicly available at https://www.uscourts.gov/sites/default/files/ data_tables/fcms_na_distprofile1231.2021.pdf.  See Alan R. v. Aetna Life Ins. Co., No. 2:20-CV-00288, 2020 WL 12969493, at *2 n.4 (D. Utah Aug. 11, 2020) (citing similar statistics).

The last factors for the court to consider are the possibility of the existence of questions arising in the area of conflict of laws and the advantage of having a local court determine questions of local law. The parties are divided about what law applies. SME Steel argues Utah law will apply, as Utah has the most significant relationship with the dispute. Opp. Mot. Transfer 13–14, ECF No. 7; see Compl. ¶ 20, ECF No. 2 (alleging violation of Utah common law); N8 Med., Inc. v. Colgate-Palmolive Co., 727 F. App'x 482, 485 (10th Cir. 2018) (quoting Waddoups v. Amalgamated Sugar Co., 2002 UT 69, ¶ 18, 54 P.3d 1054, 1060) (observing that in a diversity action federal courts apply forum state's choice of law rules, and Utah's rule assesses which state "has the most significant relationship to the occurrence and the parties."). Dowco argues California law will be applied in two ways. First, it argues California law might apply because California might have the most significant relationship to the litigation. See Mot. Transfer 8–9, ECF No. 6 (citing Waddoups, 2002 UT 69, ¶ 18, 54 P.3d 1054). The court is not persuaded by Dowco's argument here. According to Dowco, only two out of four prongs of Utah's test to determine which state has the most significant relationship implicate California as the place with that relationship. Id. at 9. Second, Dowco asserts California building codes will be at issue in the case. See id. at 8; Reply Supp. Mot. Transfer 4, ECF No. 8. But, besides Dowco's assertions that they will be at issue, the material currently before the court does not indicate that building codes are relevant to this dispute. See e.g., Compl. ¶ 12–13, ECF No. 2.

Ultimately, even if the court were called upon to apply California building codes and other law, as the court has already noted, the majority of the Chrysler factors are largely neutral as to transfer, or weigh against it. Were these final two factors to weigh towards transfer, this would not cause the balance of the Chrysler factors to tip so strongly in favor of the movant that SME Steel's choice of forum should be disturbed. See Emps. Mut. Cas. Co., 618 F.3d at 1167.

7

**ORDER**

For the reasons discussed above, the court DENIES Dowco's motion to transfer. ECF No. 6.

DATED this 30th day of March, 2023.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge